[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10670

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BAUTISTA TOLEDO-RAMIREZ,
a.k.a. Kaka,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00233-SDG-LTW-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Bautista Toledo-Ramirez appeals his sentence of 276 months of imprisonment for conspiracy to possess with intent to distribute methamphetamine. He says his sentence is substantively unreasonable because the district court gave him a longer sentence than a similarly situated co-conspirator and improperly focused on his criminal history. We disagree. The district court reasonably explained how its sentence did not create an unwarranted sentencing disparity and it appropriately considered Toledo-Ramirez's history and characteristics. So we affirm.

## I.

Toledo-Ramirez and Carmelo Reyes-Lozano, along with others, conspired to sell drugs while incarcerated in Georgia state prisons. Toledo-Ramirez was inside because he was convicted for felony murder after killing a police officer. His new operation similarly called for violence, or at least threats of such. On one occasion, Toledo-Ramirez texted someone a picture of him holding a shank, while on another he threatened to hurt someone's relative.

The co-conspirators were charged for conspiracy to possess with intent to distribute methamphetamine. Reyes-Lozano pleaded guilty early and received 210 months of imprisonment as part of a negotiated plea with the government, in which he gave up his appellate rights. Toledo-Ramirez did not plead guilty until days before his trial (specifically, he pleaded guilty on the

23-10670              Opinion of the Court                    3

Wednesday before a Monday jury selection). He entered a guilty plea with no negotiated plea agreement, thereby keeping his appellate rights. The Guidelines range was 360 months to life. The government asked the district court to vary downward and sentence Toledo-Ramirez to 276 months. After considering the sentencing factors outlined in 18 U.S.C. § 3553(a), the district court agreed. This appeal followed.

## II.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). The party challenging the reasonableness of the sentence bears the burden of demonstrating that the sentence is unreasonable. *United States v. Melgen*, 967 F.3d 1250, 1264–65 (11th Cir. 2020).

## III.

A district court abuses its discretion in sentencing when it does not adequately consider relevant factors, overly considers improper factors, or clearly errs when weighing the proper factors. *Irey*, 612 F.3d at 1189.

The relevant factors a court should consider when sentencing include, among others, "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of

similar conduct." 18 U.S.C. § 3553(a); *see also United States v. Henry*, 1 F.4th 1315, 1321 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 814 (2022) (citing *United States v. Booker*, 543 U.S. 220, 245 (2005)).

The weight that the district court accords to each of the section 3553(a) factors is committed to its sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). It can focus on any one or any combination of these factors. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013).

The district court can go beyond the section 3553(a) factors too and consider other information relevant to the defendant's background, character, and conduct. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).

That's not all. When a sentence falls well below the statutory maximum, that can indicate reasonableness. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). And when a sentence falls significantly below the Sentencing Guidelines recommendation, the defendant has a particularly onerous burden in establishing its unreasonableness. *United States v. Litzky*, 18 F.4th 1296, 1306-07 (11th Cir. 2021).

If that sounds like a wide berth, it's supposed to be. District courts have great discretion in sentencing. And Toledo-Ramirez faces an even steeper than normal uphill climb because here the district judge sentenced him not only below the statutory maximum, but well below the Guidelines recommendation as well. The statutory maximum was life imprisonment, the Guidelines range

was 360 months to life, and the judge sentenced him to 276 months. That's a *seven-year* downward variance.

Still, Toledo-Ramirez says the district court abused its discretion for two main reasons: it created an unwarranted sentencing disparity and improperly considered a prior conviction. Not so.

*A.*

Start with the first. Toledo-Ramirez argues that the district court should have sentenced him to less time than Reyes-Lozano to avoid creating unwarranted disparities.

The district court explicitly acknowledged the need for avoiding unwarranted sentencing disparities. It explained why Toledo-Ramirez received a heavier sentence than his co-conspirator Carmelo Reyes-Lozano, who received 210 months. Despite being responsible for a higher drug quantity, Reyes-Lozano had a slightly lower offense level. More importantly, Reyes Lozano negotiated an early plea agreement with the government, including an appellate waiver, saving the government resources and the need to prepare for a trial or appeal. Meanwhile, Toledo-Ramirez pleaded guilty without a negotiated plea agreement, just days before his trial was set to begin.

More than once, we have emphasized that a defendant who enters into a written plea agreement and assists the government is incomparable to one who does not. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009); *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008). Though Reyes-Lozano did not have a

formal cooperation agreement with the government, he had an early written plea agreement with it, assisting its prosecution of the case. Toledo-Ramirez, though, pleaded guilty five days (including a weekend) before jury selection. As a result, the government surely spent significantly more resources on Toledo-Ramirez than on Reyes-Lozano. Moreover, as the district court pointed out, Reyes-Lozano waived his appellate rights and Toledo-Ramirez did not. As this very proceeding demonstrates, the government also had to spend additional resources on appeal. By those metrics, Reyes-Lozano and Toledo-Ramirez are not similarly situated.

Moreover, though Toledo-Ramirez formally got the three-point reduction to his offense level for accepting responsibility and timely pleading guilty, just as Reyes-Lozano did, he did not accept responsibility to the same degree or as quickly as Reyes-Lozano. That too is a distinguishing factor between the two, because someone who accepts responsibility quickly and completely is likely to need deterrence less than someone who accepts responsibility grudgingly and late. Thus, the sentencing disparity between the two is entirely justifiable.

*B.*

We now turn to Toledo-Ramirez's second argument. He argues that his sentence was improperly based on his prior conduct (killing a police officer), rather than the offense here.

The district court did emphasize that he lacked remorse about his previous conviction and demonstrated depravity towards life. But in the very same breath, the district court explained that

this fact signifies a high need for specific deterrence against Toledo-Ramirez. The district court exclaimed disgust with his bragging of killing a police officer while threatening victims in this case. But, again, the district court disclaimed that he was sentencing based on a past conviction, and instead said that it was concerned about Toledo-Ramirez's conduct here.

Far from being an abuse of discretion, the district court was *required* to consider, among many factors, Toledo-Ramirez's history and characteristics. The district court had broad discretion in how it accords weight to each of the section 3553(a) factors individually and in combination. *Clay*, 483 F.3d at 743; *Overstreet*, 713 F.3d at 638. As its explanation clearly shows, the district court was not looking to punish Toledo-Ramirez for his past offense. But his history and characteristics are relevant to a sentencing determination, especially when they affect other factors like deterrence or the nature and circumstances of the crime. The district court found that Toledo-Ramirez's past behavior suggested a high need to deter him. And it found that he relied on his past violent behavior to add muscle to his threats in this case, which is relevant to the consideration of the nature and circumstances of the offense. So, again, the district court did not abuse its discretion by examining how Toledo-Ramirez's past violent behavior affects the section 3553(a) factors during sentencing.

## IV.

For the above reasons, the district court is **AFFIRMED**.